1  TALIA L. DELANOY (SBN: 239973)
   tdelanoy@grsm.com
2  MATTHEW A. MALLET (SBN: 203393)
   mmallet@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   3 Park Center Drive, Suite 200
4  Sacramento, CA 95825
   Telephone: (916) 565-2900
5  Facsimile: (916) 920-4402

6  Attorneys for Defendant
   FEDEX FREIGHT, INC.
7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  RICARDO LOPES SOUZA, | Case No: |
| 12                Plaintiff, | |
| 13  vs. | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B) [DIVERSITY OF CITIZENSHIP]** |
| 14  FEDEX FREIGHT, INC., DOES 1-10, | |
| 15                Defendants. | Complaint filed: April 13, 2023 |
| 16  | Removed from Superior Court of San Francisco County, CGC-23-605821 |

17

18  PLEASE TAKE NOTICE that Defendant FEDEX FREIGHT, INC., (hereinafter

19  "Defendant"), by and through its counsel, hereby removes the above-captioned matter from the

20  Superior Court of San Francisco County, California to the United States District Court for the

21  Northern District of California on the basis of diversity of citizenship pursuant to 28 U.S.C. §

22  1332 and 28 U.S.C. § 1441(b) as follows:

23  **I.   COMPLAINT AND TIMELINESS OF REMOVAL**

24  On April 13, 2023, Plaintiff RICARDO LOPES SOUZA, an individual ("Plaintiff"), by

25  and through his attorney, filed a civil action in the Superior Court of the State of California for

26  the County of San Francisco, entitled RICARDO LOPES SOUZA v. FEDEX FREIGHT, INC.,

27  Case No. CGC-23-605821 ("Complaint"). A copy of the Summons, Complaint and Civil Case

28  Cover Sheet comprising all copies of process, pleadings, and orders served in the state court

action are attached as Exhibit A to the Declaration of Talia L. Delanoy ("Delanoy Decl."). To the knowledge of Defendant, no other defendants have been either named or served in the instant action. (Delanoy Decl. ¶ 4.)

Defendant was served with a Notice and Acknowledgment of Receipt-Civil, with the Summons, Complaint and Civil Case Cover Sheet on or about May 3, 2023. Defendant's counsel executed the Notice and Acknowledgment of Receipt-Civil on May 26, 2023. (See Delanoy Decl., ¶ 3, Exhibit B.) This Notice is timely because it is filed within thirty days after Defendant signed and acknowledged service of the Complaint, as is required by 28 U.S.C. § 1446(b).

The Summons, Complaint, Civil Case Cover Sheet and Notice and Acknowledgment of Receipt-Civil comprise all copies of process, pleadings, and orders served in the state court action and are being filed with this notice as required by 28 U.S.C. § 1446(a).

## II.    DIVERSITY JURISDICTION EXISTS

### A.    Jurisdiction

The basis for removal is that this Court has original jurisdiction of this action under 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b), in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interests and costs, and is a civil action between citizens of different states such that complete diversity exists.

Plaintiff RICARDO LOPES SOUZA is an individual. His principal residence is in the County of San Francisco, State of California. (See Exhibit A to Delanoy Decl., Complaint at ¶ 1.) Accordingly, RICARDO LOPES SOUZA is a citizen of California.

Defendant FedEx Freight, Inc. is a Corporation formed under the laws of the State of Arkansas and incorporated on May 11, 1982. Its principal place of business, the corporate headquarters, is located at 8285 Tournament Drive, Memphis, Tennessee (the "Corporate Headquarters"). (Declaration of Shahram A. Eslami ("Eslami Decl.") ¶ 4.) Most of Defendant's officers are at the Corporate Headquarters in Memphis, where they direct, control and coordinate the corporation's activities. (Eslami Decl., ¶ 4.)

///

1 Defendant is now, and has been since February 9, 2001, a wholly owned subsidiary of FedEx Freight Corporation, a corporation incorporated under the laws of the State of Delaware. FedEx Freight Corporation's principal place of business is located at 8285 Tournament Drive, Memphis, Tennessee. (Eslami Decl., ¶ 5.)

FedEx Freight Corporation is a wholly owned subsidiary of FedEx Corporation, a publicly held corporation incorporated under the laws of the State of Delaware.  FedEx Corporation's principal place of business is located at 942 South Shady Grove Road, Memphis, Tennessee. FedEx Corporation's corporate functions are centrally managed from its headquarters in Memphis, Tennessee. (Eslami Decl., ¶ 6.)

For diversity purposes, a corporation is deemed to be a citizen of: (1) every state and foreign state under whose laws it is incorporated; and (2) the state or foreign state of its "principal place of business." 28 U.S.C. § 1332(c)(1); see also *Davis v. HSBC Bank Nevada, N.A.*, 557 F. 3d 1026, 1028 (9th Cir. 2009). Accordingly, FedEx Freight, Inc. is a citizen of Arkansas or Tennessee.  (See Eslami Decl., ¶ 4.)  Since Plaintiff and Defendant are citizens of different states, diversity exists for purposes of removal.

**B.     Divisional Assignment**

Pursuant to Civil L.R. 3-2(c) and (d), this civil action should be assigned to the San Francisco Division as the action arose in the counties covered by the San Francisco Division. (See Exhibit A to Delanoy Decl., Complaint at ¶ 2.)

**III.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

Plaintiff's Complaint asserts the following causes of action: (1) retaliation; (2) refusal to accommodate disability; (3) hostile work environment; and (4) failure to prevent harassment.

Plaintiff's Complaint prays for general damages, special damages representing Plaintiff's unpaid sick leave, lost wages and other employment benefits, punitive damages and attorney's fees and costs. Plaintiff alleges he was forced to quit his employment, in September 2022, and as such seeks more than 39 weeks of lost wages. (See Exhibit A to Delanoy Decl., Complaint at ¶ 8.)  Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the potential claim exceeds $75,000. *See Sanchez v. Monumental Life*

-3-
NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B)
[DIVERSITY OF CITIZENSHIP]

*Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Here, Plaintiff was employed as a City Driver for Defendant and was earning $32.95 per hour, working an average of 32.3 hours per week. (Delanoy Decl., ¶ 6.) As such, he was earning approximately $1,064 per week or $55,328 per year. Plaintiff left Defendant's employ on September 9, 2022. As it is likely the trial of this matter will not commence for at least one year, Plaintiff's wage loss claim through trial will total in excess of $96,496. (Delanoy Decl., ¶ 7.) After factoring in the claim for general damages, special damages, punitive damages and attorney's fees, a conservative good faith estimate of the value of the alleged damages in this action, based on the information above, is that the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs.

**IV.   NO OTHER DEFENDANTS**

There are no other Defendants that have been named or served in this action, thus there are no other Defendants to join in this Notice of Removal. (Delanoy Decl., ¶ 4.)

**V.   SERVICE OF NOTICE ON PLAINTIFF AND STATE COURT**

Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of San Francisco, where the action is currently pending, as required by 28 U.S.C. §1446(d). (Delanoy Decl., ¶ 5.)

WHEREFORE, Defendant, in conformance with the requirements set forth in 28 U.S.C. §1446 files this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the District Court of the United States, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, a copy of which will be served upon Plaintiff.

Dated: June 13, 2023              GORDON REES SCULLY MANSUKHANI, LLP

                                  By: *Matthew A. Mallet*
                                  Talia L. Delanoy
                                  Matthew A. Mallet
                                  Attorneys for Defendant
                                  FEDEX FREIGHT, INC.

**PROOF OF SERVICE**

*Souza v. Fedex Freight, Inc. et al.*
USDC CAND case no.: _____ San Francisco Sup Ct case no. CGC-23-605821

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 275 Battery St., Suite 2000, San Francisco, CA 94111. On the date below, I served the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(B) [DIVERSITY OF CITIZENSHIP]**

[X] **Via E-Mail:** By transmitting via electronic mail the document(s) listed above to the email address(es) set forth below. During the Coronavirus (Covid-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.

[ ] **Via Court Approved Efiling/Eservice Vendor:** By instructing a court approved Efiling/Eservice vendor to transmit via electronic service the document(s) listed above to the parties and/or email address(es) set forth below and/or listed on the court's website.

[ ] **Via U.S. Mail:** By placing the documents(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

**Attorneys for Plaintiff**

Dylan Hackett
The Hackett Firm
PO Box 330168
San Francisco, CA 94108
Tel: 415-410-9931

Email: dylanhackett@hackettfirm.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **June 13, 2023** at San Francisco, California.

Stacey Drucker