UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO LOPES SOUZA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FEDEX FREIGHT, INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-02912-LJC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S DISCOVERY LETTER**<br><br>Re: ECF No. 24 |

　　　　Defendant FedEx Freight, Inc. filed a discovery letter (Discovery Letter or Letter), ECF No. 24, after months of effort on Defendant's part to secure Plaintiff's full initial disclosures pursuant to General Order 71. The original deadline for initial disclosures was mid-September 2023. Plaintiff Ricardo Lopes Souza's position was not included in the Discovery Letter. After the Discovery Letter was filed, the Court set a date to hear the dispute and ordered Plaintiff to file a copy of his initial disclosures on the Court docket. Plaintiff did not meet the Court's deadline to file a copy of the initial disclosures but filed them late, on December 4, 2023, and in a manner that failed to comply with Civil Local Rule 3-4. ECF Nos. 24–33. A hearing was held on the Discovery Letter on December 5, 2023. At the hearing, Plaintiff did not assert that he was denied an opportunity to include his position in the Discovery Letter prior to its filing. The Court, however, allowed Plaintiff to respond to the asserted delays and deficiencies. Having considered the parties' submissions and oral argument, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's request for discovery relief.

　　　　Plaintiff contends that he is disclosing information as it is collected, but the reasons presented do not provide a sound basis for the three-month delay. The disclosures filed on December 4, 2023 included additional material that had not been previously disclosed to

Defendant. Yet, Defendant asserts that Plaintiff has still failed to satisfy General Order 71.

General Order 71, Part 1, subpart (2) addresses the documents that Plaintiff must produce to Defendant. Part 1, subpart (2)h. requires Plaintiff to disclose, "Documents concerning: (i) communications with potential employers; (ii) job search efforts; and (iii) offer(s) of employment, job description(s), and income and benefits of subsequent employment." Part I, subpart (2)j. requires Plaintiff to disclose, "Any other document(s) upon which the plaintiff relies to support the plaintiff's claims." General Order 71, Part 1, subpart (3) addresses the information that Plaintiff must produce to Defendant, including a description of the categories of damages the plaintiff claims, and information identifying persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in the lawsuit, and a brief description of that knowledge. The Instructions for General Order 71 establish that if a partial or incomplete answer or production is provided, the responding party shall state the reason that the answer or production is partial or incomplete. The Instructions make clear that Initial Discovery is subject to subsections (e) and (g) of Rule 26 of the Federal Rules of Civil Procedure, and thus, Plaintiff is under an obligation to supplement his disclosures and certify that "to the best of the [attorney or party's] knowledge, information, and belief formed after a reasonable inquiry . . . [the disclosure] is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)(A).

Plaintiff has represented to Defendant that he is seeking $5 million in damages, yet Defendant contends that Plaintiff has failed to produce documents that support his damages claim or identify the categories of damages or individuals with relevant information. Defendant further contends that Plaintiff has not produced all responsive documents concerning mitigation, namely those documents listed in General Order 71, Part 1, subpart(2)h. Plaintiff has not asserted that this information does not exist or that production is complete. Rather, Plaintiff's response at the hearing raises the prospect of dilatory handling of the case or a non-responsive client or some combination thereof. That said, the Court acknowledges that it does not have a record of the correspondence between counsel at this time, or other evidence concerning how Plaintiff's disclosures were prepared and served.

Defendant also contends that Plaintiff's production of over 1,000 documents constituted a

document dump, as the photographs and other material are, in its view, not clearly relevant. The Court also finds that it is premature to determine that the photographs and other material are irrelevant to the case. The case is in an early stage, and Plaintiff's claims are still being developed.

In light of the parties' submissions and the arguments presented, the Court orders the following. By December 12, 2023, (a) Plaintiff shall cure any remaining deficiencies with respect to his initial disclosures and the requirements under General Order 71, and (b) counsel for Plaintiff shall each file a declaration attesting that they have read General Order 71 and the Northern District of California's Guidelines for Professional Conduct. These items are located at https://cand.uscourts.gov/rules/. Failure to comply with this deadline may lead the Court to impose sanctions or allocate expenses considering an undue burden on Defendant. Defendant's request for sanctions is DENIED without prejudice, but its request for relief is otherwise GRANTED as stated in this Order.

**IT IS SO ORDERED.**

Dated: December 5, 2023

LISA J. CISNEROS
United States Magistrate Judge

3